UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CAZIM ZULFIC, et al.,                      )
                                            )
            Plaintiffs,                     )
                                            )
       vs.                                  )          Case No. 4:09-CV-2111 (CEJ)
                                            )
CEDRIC R. MOORE and AMERICAN                )
FAMILY MUTUAL INSURANCE                     )
COMPANY,                                    )
                                            )
            Defendants.                     )

## ORDER

This matter is before the Court on the motion of defendant American Family
Mutual Insurance Company (American Family) to intervene, pursuant to Rule 24,
Fed.R.Civ.P., on behalf of defendant Cedric Moore.

This action arises from a motor vehicle accident that occurred on December 26,
2008, in the state of Kentucky.  Defendant Cedric Moore was allegedly operating an
uninsured vehicle when he collided with the vehicle operated by plaintiff Cazim Zulfic,
and occupied by plaintiffs Ismira Zulfic and Ramiza Ziga.  Defendant American Family
had issued to plaintiff Cazim Zulfic a policy of automobile liability insurance that
included uninsured motorist coverage.  Plaintiffs initiated this action, asserting claims
of negligence against defendant Moore and seeking enforcement of the uninsured
motorist provision against defendant American Family.  Jurisdiction is premised on
diversity of citizenship.  Defendant Moore was served with a summons and the
complaint but failed to timely file an answer or other responsive pleading.  Defendant
American Family now moves to intervene on behalf of defendant Moore.

The Court applies the substantive laws of the State of Missouri to this action
arising under its diversity jurisdiction.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64

(1938).  Under Missouri law, intervention as a matter of right is governed by Rule 52.12(a), Mo.S.Ct.R., which requires an applicant for intervention to show three elements: (1) an interest relating to the property or transaction which is the subject of the action; (2) that the applicant's ability to protect such interest is impaired or impeded; and (3) that the existing parties are inadequately representing the applicant's interest.  Stafford v. Kite, 26 S.W.3d 277, 279 (Mo. Ct. App. 2000). Missouri courts applying this rule "have uniformly held or stated that an uninsured motorist carrier is entitled to intervene in an action between its insured and an uninsured motorist."  Id. (quoting Isbach v. Bader, 616 S.W.2d 147, 150 (Mo. Ct. App. 1981)).  Indeed, an insurer must intervene in a suit against the uninsured motorist if it wishes to raise defenses on issues of liability and damages."  Id. (quoting Frost v. White, 778 S.W.2d 670, 672 (Mo. Ct. App. 1989).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant American Family to intervene on behalf of defendant Cedric Moore [Doc. #10] is **granted**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of February, 2010.