UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAZIM ZULFIC, and ISMIRA ZULFIC, and RAMIZA ZIGA, <br><br> Plaintiffs, <br><br> v. <br><br> CEDRIC R. MOORE , <br><br> **SERVE AT:** <br> **1533 College View D** <br> **Bowling Green, KY 42101** <br><br> and <br><br> AMERICAN FAMILY MUTUAL INSURANCE COMPANY <br><br> Defendants. | Cause No.: <br><br> Division: <br><br> **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

## COUNT I

COMES NOW, Plaintiff Ismira Zulfic, and for her cause of action against Defendant Cedric R. Moore, states as follows:

1. Plaintiff Cazim Zulfic is a citizen of the State of Missouri.

2. Plaintiff Ismira Zulfic is a citizen of the State of Missouri

3. Plaintiff Ramiza Ziga is a citizen of the Country of Bosnia.

4. Defendant, Cedric P. Moore (herein referred to as "Moore") is a citizen of the State of Kentucky.

5. Defendant American Family Mutual Insurance Company (herein referred to as "American Family") is a foreign corporation doing business and in good standing in the State of Missouri, City of St. Louis with its principal place of business in the State of Wisconsin, and is a citizen of the State of Wisconsin.

6. The amount in controversy in this case exceeds seventy five thousand dollars ($75,000.00).

7. Jurisdiction is based on 28 U.S.C. § 1332, Diversity of Citizenship.

8. On or about the 26th day of December, 2008, at approximately 2:48 p.m, Defendant Moore was operating a motor vehicle on Mcintosh Street at or near its intersection with Patrick Way, all open and public thoroughfares in the County of Warren, State of Kentucky.

9. At that time and place Defendant Moore negligently and carelessly caused his motor vehicle to collide head on with the motor vehicle driven by Plaintiff Ismira Zulfic.

10. Said collision occurred as a direct and proximate result of the negligence and carelessness of Defendant Moore the following respects to wit:

   (a) Defendant Moore operated his vehicle at a speed, which was high, dangerous and excessive under the circumstances, where and then existing;
   (b) Defendant Moore negligently and carelessly failed to have and keep his vehicle on the right side of the road;
   (c) Defendant Moore negligently and carelessly failed to keep and maintain a constant, careful and vigilant lookout for other vehicles, property and persons in said roadway, including and in particular, Plaintiff;

    (d)    Defendant Moore drove on suspended license.

11. As a direct and proximate result of the negligence and carelessness of Defendant as aforesaid, Plaintiff Ismira Zulfic was caused to sustain the following serious, permanent, and disabling injuries:  Plaintiff Ismira Zulfic's head, skull, neck, back body and limbs; and, the bones, discs, joints, muscles, tendons, tissues, nerves, membranes, ligaments, vessels and parts thereof, were severely bruised, contused, lacerated, sprained, strained, cracked, wrenched, swollen, weakened, twisted and torn; that Plaintiff was caused to sustain a sprain and strain of the neck, back, shoulders, knee and the soft tissues thereof; that Plaintiff suffered injuries to the body as a whole, shock to the central and peripheral nervous systems; nervousness and anxiety; that Plaintiff suffers and will continue to suffer, severe pain in body and mind; that all of said injuries and defects are serious and permanent and progressive in nature; and, the nature and use of all said parts and organs are severely impaired and made painful.

12. As a direct and proximate result of the negligence of Defendant Moore, Plaintiff Ismira Zulfic has incurred medical expenses and has lost wages in an amount not readily ascertainable, and will continue to incur medical expenses, lost wages and property damage in an amount not readily ascertainable, all due to Plaintiff's injuries.

WHEREFORE, Plaintiff Ismira Zulfic prays for judgment against Defendant Moore in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), and for the costs of these proceedings and for other and further relief as the Court deems just and equitable.

## COUNT II

COMES NOW Plaintiff Ismira Zulfic and for Count II of her claim and cause of action against Defendant American Family Mutual Insurance Company states and alleges as follows:

13. Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1-12 of Count I as if more fully set forth herein.

14. At the time of said collision, the vehicle being operated by Defendant Moore was not covered under a liability insurance policy, and was an uninsured motor vehicle according to the laws of the State of Missouri (where plaintiff's car was principally garaged) and under a policy of insurance issued by Defendant American Family covering the vehicle being operated by Plaintiff Ismira Zulfic.

15. At the time of the collision, Plaintiff Ismira Zulfic was an "insured" under a policy of automobile insurance issued in the State of Missouri by Defendant American Family (Policy Number 1772-1358-02-80-FPPA-MO), which policy included uninsured motor vehicle coverage and property damage/collision coverage.

16. Said policy was in full force and effect at the time of the aforementioned collision as alleged in this Complaint.

17. Plaintiff has performed all conditions precedent under the terms of the insurance policy.

18. Plaintiff is entitled to payment of benefits under the uninsured motorist coverage of the policy in the amount of the applicable policy limits and also for the damage to her vehicle under the property damage/collision coverage.

WHEREFORE, Plaintiff Ismira Zulfic prays for judgment against Defendant American Family in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), for the costs of these proceedings and for other and further relief as the Court deems just and equitable.

## COUNT III

COMES NOW, Plaintiff Cazim Zulfic, and for his cause of action against Defendant Cedric R. Moore, states as follows:

19. Plaintiff Cazim Zulfic is a resident and citizen of the State of Missouri

20. Plaintiff Ismira Zulfic is a resident and citizen of the State of Missouri

21. Plaintiff Ramiza Ziga is a citizen of the Country of Bosnia.

22. Defendant, Cedric P. Moore (herein referred to as "Moore") is a resident of the State of Kentucky.

23. Defendant American Family Mutual Insurance Company (herein referred to as "American Family") is a foreign corporation doing business and in good standing in the State of Missouri, County of St. Louis City, with its principal place of business in the State of Wisconsin.

24. The matter in controversy is in excess of seventy five thousand dollars ($75,000.00).

25. Jurisdiction is based on 28 U.S.C. § 1332, Diversity of Citizenship.

26. On or about the 26th day of December, 2008, at approximately 2:48 p.m, Defendant Moore was operating a motor vehicle on Mcintosh Street at or near its

intersection with Patrick Way, all open and public thoroughfares in the County of Warren, State of Kentucky.

27. At that time and place Defendant Moore negligently and carelessly caused his motor vehicle to collide head on with the motor vehicle in which Plaintiff Cazim Zulfic was a passenger.

28. Said collision occurred as a direct and proximate result of the negligence and carelessness of Defendant Moore the following respects to wit:

(e) Defendant Moore operated his vehicle at a speed, which was high, dangerous and excessive under the circumstances, where and then existing;
(f) Defendant Moore negligently and carelessly failed to have and keep his vehicle under such control that it could readily and reasonably be stopped at the first appearance of danger;
(g) Defendant Moore negligently and carelessly failed to keep and maintain a constant, careful and vigilant lookout for other vehicles, property and persons in said roadway, including and in particular, Plaintiff;
(h) Defendant Moore drove on suspended license.

29. As a direct and proximate result of the negligence and carelessness of Defendant as aforesaid, Plaintiff Cazim Zulfic was caused to sustain the following serious, permanent, and disabling injuries:  Plaintiff Cazim Zulfic's head, skull, neck, back body and limbs; and, the bones, discs, joints, muscles, tendons, tissues, nerves, membranes, ligaments, vessels and parts thereof, were severely bruised, contused, lacerated, sprained, strained, cracked, wrenched, swollen, weakened, twisted and torn; that Plaintiff was caused to sustain a sprain and strain of the neck, back, shoulders, knee and the soft tissues thereof; that Plaintiff suffered injuries to the body as a whole, shock to the central and peripheral nervous systems; nervousness and anxiety; that Plaintiff suffers and will continue to suffer, severe pain in body and mind; that all of said injuries and defects are serious and permanent and

progressive in nature; and, the nature and use of all said parts and organs are severely impaired and made painful.

30.     As a direct and proximate result of the negligence of Defendant Moore, Plaintiff Cazim Zulfic has incurred medical expenses and has lost wages in excess of twenty thousand dollars, and will continue to incur medical expenses and lost wages in the future due to his injuries.

WHEREFORE, Plaintiff Cazim Zulfic prays for judgment against Defendant Moore in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) that will fairly and reasonably compensate him for his property damage, his injuries, for the losses he sustained and will sustain in the future, for medical bills he has sustained and will sustain in the further, for the pain, suffering and restricted bodily movement he sustained and will sustain in the future, for the costs of these proceedings and for other and further relief as the Court deems just and equitable.

## COUNT IV

COMES NOW Plaintiff Cazim Zulfic and for Count IV of his claim and cause of action against Defendant American Family Mutual Insurance Company states and alleges as follows:

31.     Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1-30 of Count I, Count II, and Count II as if more fully set forth herein.

32.     Defendant American Family has an office or an agent in the City of St. Louis, State of Missouri, for the transaction of their usual or customary business.

33. At the time of said collision, the vehicle being operated by Defendant Moore was not covered under a liability insurance policy, and was an uninsured motor vehicle according to Missouri Law and the policy of insurance issued by Defendant American Family covering Plaintiffs.

34. At the time of the collision, Plaintiff Cazim Zulfic was an "insured" under a policy of automobile insurance issued by Defendant American Family (Policy Number 1772-1358-02-80-FPPA-MO), which included uninsured motor vehicle coverage.

35. Said policy was in full force and effect at the time of the aforementioned accident as alleged in this Complaint.

36. Plaintiff has performed all conditions precedent under the terms of the insurance policy.

37. Plaintiff is entitled to payment of uninsured motorist coverage under the policy in the amount of the applicable policy limits.

WHEREFORE, Plaintiff Cazim Zulfic prays for judgment against Defendant American Family in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) that will fairly and reasonably compensate him for his property damage, his injuries, for the losses he sustained and will sustain in the future, for medical bills he has sustained and will sustain in the future, for the pain, suffering and restricted bodily movement he sustained and will sustain in the future, for the costs of these proceedings and for other and further relief as the Court deems just and equitable.

# COUNT V

COMES NOW, Plaintiff Ramiza Ziga, and for her cause of action against Defendant Cedric R. Moore, states as follows:

38. Plaintiff Cazim Zulfic is a resident and citizen of the State of Missouri

39. Plaintiff Ismira Zulfic is a resident and citizen of the State of Missouri

40. Plaintiff Ramiza Ziga is a citizen of the Country of Bosnia.

41. Defendant, Cedric P. Moore (herein referred to as "Moore") is a resident of the State of Kentucky.

42. Defendant American Family Mutual Insurance Company (herein referred to as "American Family") is a foreign corporation doing business and in good standing in the State of Missouri, County of St. Louis City, with its principal place of business in the State of Wisconsin.

43. The matter in controversy is in excess of seventy five thousand dollars ($75,000.00).

44. Jurisdiction is based on 28 U.S.C. § 1332, Diversity of Citizenship.

45. On or about the 26th day of December, 2008, at approximately 2:48 p.m, Defendant Moore was operating a motor vehicle on Mcintosh Street at or near its intersection with Patrick Way, all open and public thoroughfares in the County of Warren, State of Kentucky.

46. At that time and place Defendant Moore negligently and carelessly caused his motor vehicle to collide head on with the motor vehicle in which Plaintiff Ramiza Ziga was a passenger.

47. Said collision occurred as a direct and proximate result of the negligence and carelessness of Defendant Moore the following respects to wit:

  (i)   Defendant Moore operated his vehicle at a speed, which was high, dangerous and excessive under the circumstances, where and then existing;
  (j)   Defendant Moore negligently and carelessly failed to have and keep his vehicle under such control that it could readily and reasonably be stopped at the first appearance of danger;
  (k)   Defendant Moore negligently and carelessly failed to keep and maintain a constant, careful and vigilant lookout for other vehicles, property and persons in said roadway, including and in particular, Plaintiff;
  (l)   Defendant Moore drove on suspended license.

48. As a direct and proximate result of the negligence and carelessness of Defendant as aforesaid, Plaintiff Ramiza Ziga was caused to sustain the following serious, permanent, and disabling injuries: Plaintiff Ramiza Ziga's head, skull, neck, back body and limbs; and, the bones, discs, joints, muscles, tendons, tissues, nerves, membranes, ligaments, vessels and parts thereof, were severely bruised, contused, lacerated, sprained, strained, cracked, wrenched, swollen, weakened, twisted and torn; that Plaintiff was caused to sustain a sprain and strain of the neck, back, shoulders, knee and the soft tissues thereof; that Plaintiff suffered injuries to the body as a whole, shock to the central and peripheral nervous systems; nervousness and anxiety; that Plaintiff suffers and will continue to suffer, severe pain in body and mind; that all of said injuries and defects are serious and permanent and progressive in nature; and, the nature and use of all said parts and organs are severely impaired and made painful.

49. As a direct and proximate result of the negligence of Defendant Moore, Plaintiff Ramiza Ziga has incurred medical expenses and has lost wages in an amount not

readily ascertainable, and will continue to incur medical expenses and lost wages in an amount not readily ascertainable, all due to Plaintiff's injuries.

WHEREFORE, Plaintiff Ramiza Ziga prays for judgment against Defendant Moore in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) that will fairly and reasonably compensate her for her property damage, her injuries, for the losses she sustained and will sustain in the future, for medical bills she has sustained and will sustain in the further, for the pain, suffering and restricted bodily movement she sustained and will sustain in the future, for the costs of these proceedings and for other and further relief as the Court deems just and equitable.

### COUNT VI

COMES NOW Plaintiff Ramiza Ziga and for Count VI of her claim and cause of action against Defendant American Family Mutual Insurance Company states and alleges as follows:

50. Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1-49 of Count I, Count II, Count II, Count IV and Count V as if more fully set forth herein.

51. Defendant American Family has an office or an agent in the City of St. Louis, State of Missouri, for the transaction of their usual or customary business.

52. At the time of said collision, the vehicle being operated by Defendant Moore was not covered under a liability insurance policy, and was an uninsured motor vehicle according to Missouri Law and the policy of insurance issued by Defendant American Family covering Plaintiffs.

53. At the time of the collision, Plaintiff Ramiza Ziga was an "insured" under a policy of automobile insurance issued by Defendant American Family (Policy Number 1772-1358-02-80-FPPA-MO), which included uninsured motor vehicle coverage.

54. Said policy was in full force and effect at the time of the aforementioned accident as alleged in this Complaint.

55. Plaintiff has performed all conditions precedent under the terms of the insurance policy.

56. Plaintiff is entitled to payment of uninsured motorist coverage under the policy in the amount of the applicable policy limits.

WHEREFORE, Plaintiff Ramiza Ziga prays for judgment against Defendant American Family in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) that will fairly and reasonably compensate her for her property damage, her injuries, for the losses she sustained and will sustain in the future, for medical bills she has sustained and will sustain in the further, for the pain, suffering and restricted bodily movement she sustained and will sustain in the future, for the costs of these proceedings and for other and further relief as the Court deems just and equitable.

## COUNT VII

COMES NOW Plaintiffs Cazim and Ismira Zulfic and for Count VII of their claim and cause of action against Defendant American Family Mutual Insurance Company state and allege as follows:

57. Plaintiffs reallege and incorporate by reference the allegations set forth in Paragraphs 1-56 of Counts I-VI as if more fully set forth herein.

58.     At all times herein mentioned and referred to, Plaintiffs Ismira and Cazim Zulfic were defined as insured under an automobile liability insurance policy issued to Plaintiffs by the Defendant (Policy Number 1772-1358-02-80-FPPA-MO), which included uninsured motorist coverage.

59.     Said policy was in full force and effect at the time of the aforementioned accident as alleged in this Complaint.

60.     On December 26, 2008, Plaintiff Ismira Zulfic, while an operator of a motor vehicle, was involved in an automobile accident in Warren County, Kentucky.  As a result of that automobile accident, the Plaintiffs Ismira and Cazim Zulfic sustained personal injuries, received necessary medical treatment and incurred reasonable expenses for such treatment.

61.     Due demand had been made on the Defendant by the Plaintiffs on February 18, 2009 to pay under said policy as covered by the uninsured motorist provisions of the policy of automobile liability insurance.  The Defendant has wrongfully refused to pay.

62.     This failure and refusal to make payment to Plaintiff, and the delay to make payment to Plaintiff pursuant to the policy provisions of the automobile liability insurance is vexatious in nature to the extent to justify and cause an award of additional amounts to the Plaintiffs for the delay and refusal and for the attorney's fees related to this action pursuant to the provisions of V.A.M.S. § 375.296 and V.A.M.S. § 375.420.

63.     The Plaintiff's attorney's fees incurred to effect recovery in this matter is presently unascertainable.

WHEREFORE, the Plaintiffs pray for judgment against the Defendant for damages in an amount that is fair and reasonable, for interest thereon at the legal rate from the date of demand for payment, for an additional sum for Defendant's vexatious refusal to make payment following

demand for payment, for reasonable attorney's fees, for the costs expended herein, and other and further relief as the Court may deem just and proper.

                        Respectfully Submitted,

THE LAW OFFICES OF VANESSA C. ANTONIOU

              *s/Vanessa C. Antoniou*
Vanessa C. Antoniou  #31753
15 N. Meramec Ave.
Clayton, Missouri 63105
314.725.1996  [Office]
314.862.5542  [Facsimile]
***Attorney for Plaintiffs***