UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAZIM ZULFIC, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:10-CV-2111 (CEJ) |
| AMERICAN FAMILY MUTUAL INS. CO., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for partial summary judgment. Defendant American Family Mutual Insurance Company (American Family) opposes the motion and the issues are fully briefed.

I. **Background**

This action arises from a motor vehicle accident that occurred on December 26, 2008, in the state of Kentucky. Defendant Cedric Moore was allegedly operating an uninsured vehicle when he collided with the vehicle operated by plaintiff Ismira Zulfic and occupied by plaintiffs Cazim Zulfic and Ramiza Ziga. The Zulfics' vehicle was insured under a policy issued by defendant American Family that included uninsured motorist coverage. Plaintiffs initiated this action, asserting claims of negligence against defendant Moore[1] and seeking enforcement of the uninsured motorist coverage against defendant American Family; the plaintiffs' first amended complaint adds a claim against American Family for vexatious refusal to pay, pursuant to § 375.296, Mo.Rev.Stat.

II. **Discussion**

---

[1]American Family was granted leave to intervene on behalf of defendant Moore.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

Plaintiffs seek partial summary judgment with respect to Moore's status as an uninsured motorist. In support of their motion, they assert that the vehicle driven by Moore was registered to Kenyta Earthman and, further, that the vehicle was

uninsured.[2] Defendant objects both to the admissibility of plaintiffs' documentation and to the conclusions plaintiffs draw from that documentation. Defendant argues that, the owner's failure to insure the vehicle is not conclusive on the issue of whether Moore had insurance either personally or as an insured on someone else's policy.

Setting aside the issue of the admissibility of the documentation submitted by plaintiffs, the Court finds that plaintiffs have failed to establish the absence of material facts and thus they are not entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for partial summary judgment [Doc. #39] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2010.

---

[2]Plaintiffs assert that they received documentation from the State of Kentucky of the vehicle's title and insurance. Plaintiffs identify this documentation as Exhibit 1 to their motion; however, the actual Exhibit 1 appears to be the accident report completed by the Bowling Green Police.